RECEIVED
2017 DEC -1 P 12: 46
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

STEPHEN HOWARD,
Petitioner, *Pro Se*

v.  Case No: 3:16-CV-803

UNITED STATES OF AMERICA,
Respondent.

## MOTION FOR LEAVE TO SUPPLEMENT 28 U.S.C. §2255 MOTION PURSUANT TO 28 U.S.C. §2242

Comes Now, Petitioner/Movant in the above styled and Titled Action, Stephen Howard, *Pro Se,* and *In Forma Pauperis* in his cause moving this Honorable Court for Leave to Supplement his 28 U.S.C. §2255 Motion pursuant to 28 U.S.C. §2242. Wherein it is stated "It may be amended or supplemented as provided in the Rules of Procedure to Civil Actions".

In support of this request the Petitioner, will show the Court, to the best of his abilities, that his requests are non-frivolous and contains the requisite legal justification to be reviewed and granted by the Honorable Court.

Petitioner further shows the Honorable Court he is unlearned in the law and requests this and all Pleadings and submissions he presents for consideration in this Action be construed under the auspices established by and pursuant to Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972) wherein it is stated by the Justices in part; "*Pro Se* litigant's pleadings are to be construed liberally, granted great latitude and held to a less stringent standard than that of formal pleadings drafted by attorneys and it is in the interest of justice to do so." The Justices went on to opine, "If the Court can reasonably read the pleading to state a valid claim on which the litigant could prevail and the judge can see what he is driving at that ought to be enough and it should do so despite the failure to site proper legal authority, confusion of legal theories, poor syntax and

Page 1 of 6

sentence construction or the litigants unfamiliarity with pleading requirements."

Petitioner makes this request in the interest of justice and to present issues to the Court he strongly feels are viable and important to his case at bar and therefore requests such interpretation.

Petitioner shows this Honorable Court that he has recently received new information concerning the underlying charge dealing with *1,4-butanediol*. The Government contends that this chemical structure is an analogue of *gamma hydroxybutyric acid* (GHB) and as such an analogue of a controlled substance. Such being a crime under 21 U.S.C. §813 and §841(a)(1) described further as Possession of a Controlled Substance with Intent for Human Consumption.

21 U.S.C. §813 states: "A controlled Substance Analogue shall to the extent intended for human consumption, be treated, for the purpose of any Federal Law as a Controlled Substance in Schedule 1 (one).

The Petitioner claims he qualifies as 'Actually Innocent' of the offense for which he was convicted in light of newly discovered evidence which was previously unavailable to him and which could not have been discovered through his 'Due Diligence'. The Petitioner asserts that his conviction, pursuant to 21 U.S.C. §841: Knowingly or Intentionally Manufacturing, Distributing, or Dispensing, or Possession with Intent to Manufacture, Distribute, or Dispense a Controlled Substance, cannot stand for failure to qualify or meet the essential elements of the offense.

The Petitioner was convicted for the sales and distribution of *1,4-butanediol*. As stated by the Government *1,4-butanediol* is a "Controlled Substance Analogue" and is punishable pursuant to 21 U.S.C. §841(c). The Petitioner's contention stems from the casuistic application of the terms and definitions as proposed by the Government.

GHB also commonly identified as *gamma hydroxybutyric acid* is a naturally occurring substance within the human nervous system and is found in minute quantities naturally existent in beef, some citrus and in almost all animals. *[G]amma hydroxybutyric acid* does not appear in any of the Federal Schedules of Controlled Substances. However, Public Law 106-172 §2, February 18, 2000, 119 Stat. 7, provided that *gamma hydroxybutyric acid* as a manufactured drug product is the prescription drug "Xyrem" (i.e. GHB as the sodium salt) has become "a significant and growing problem in law enforcement" because of its recreational abuses and failure of any legitimate means by which law enforcement could regulate such abuses, at least 20

States have scheduled such drug in their drug laws. The illicit use of GHB has impacted various areas of human pharmaceutical formulation and has also been developed as a legitimate treatment for cataplexy, a life-threatening muscular control disorder and excessive daytime sleepiness in patients with narcolepsy.

*1,4-butanediol* is an industrial solvent and is commonly used in the production and manufacture of plastics, fibers and polyurethanes. Illicit abusers of this chemical have discovered that recreational ingestion of this product triggers the human nervous system's release of the body's naturally occurring GHB, causing an alcohol-like depressant effect.

*1,4-butanediol* has been medically used to treat sleep apnea, and as a sedative. However *1,4-butanediol* is not listed among any of the Federal Schedules of Controlled Substances.

The Petitioner contends that while the illicit abuse of these chemicals and compounds may be distressing and even alarming in some cases, he may not be accountable and subject to a charge for actions which he does not meet. The established definitions pursuant to the Drug Offense Statue of Section 841, as it was promulgated by the Legislature, is inapplicable because there exists no congressional intent to include *gamma hydroxybutyric acid* (GHB), or *1,4-butanediol* in its list of Schedules of Controlled Substances. Furthermore, the Petitioner contends the analogue statute of 21 U.S.C §802 is equally inapplicable because;

1) The Statute is Unconstitutionally vague and overbroad in its application;
2) *1,4-butanediol* is otherwise exempt from application pursuant to §802 (32)(C)(ii), do to its legitimate medical purpose and;
3) GHB is not listed among the Federal Controlled Substances Schedules and therefore can have no application of a "Controlled Substance Analogue" worthy of Criminal implementation.

The Failure of *gamma hydroxybutyric acid* (GHB) and *1,4-butanediol* to be currently scheduled federally in the United States raises this Petitioner's claim that a constructively amended charging document designed to encompass conduct not returned by the Grand Jury, not promulgated by Congress and illegitimately contrived to secure comprehensive substance inclusion which the Government could not otherwise achieve through traditional lawful means. This issue has found analysis and favorable consideration consistent with this Petitioner's contention as reflected in <u>United States v. Roberts</u>, 01-CR-410RWS, 2002 United States District Lexis 16778, September 9th. 2002, wherein the

Court dismissed the Government's Indictment in holding that, "*1,4-butanediol* is not a controlled substance." Additionally, the Court held that the Federal Analogue Statute "Provided neither adequate notice not the requisite safeguards against arbitrary enforcement that were required of the Constitution." Moreover, the Court concluded inapplicability of *1,4-butanediol* as an equivalent or analogue substance of *gamma hydroxybutyric acid* (GHB) because *1,4-butanediol* has a carboxylic acid major function group which predisposes the two substances to contain significantly different functionalities. In more general terms, the Court concluded that GHB is an acid and *1,4-butanediol* is generally classified as an alcohol.

The Petitioner's assertions related to this 'vagueness' and 'overbroad' claims stem from the Supreme Court's ruling that "The void for vagueness doctrine requires that a Penal Statute defines the criminal offence sufficient in definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. (Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2s 903 (1983); Posters 'n' Things LTD. v. United States, 511 U.S. 513, 525, 114 S.Ct. 1747, 128 L.Ed.2d 539 (1994); United States v. Nadi, 996 F.2d 548, 550 (2nd Cir. 1993); United States v. Jackson, 968 F.2d 158, 161 (2nd Cir. 1992))

Accordingly, the Petitioner challenges the Government's proposed definition of "Controlled Substance Analogue" pursuant to 21 U.S.C. §802(32)(A) under both 'adequate notice' and 'arbitrary enforcement' prongs of the above indicated doctrine.

While the Petitioner recognizes that any qualification under the controlled substance analogue statute requires the substance in question to be "substantially similar to the chemical structure of a controlled substance," the Petitioner equally proposes that the comparative substance must be one of the controlled substances listed under the Schedules of Controlled Substances which *gamma hydroxybutyric acid* (GHB) clearly is not.

In accord with the Court's holding in United States v. Fisher, 289 F.3d 329 (11th Cir. 2002), it was determined that qualification under the Statute required the additional definition of the analogue to demonstrate similar 'chemical' and 'pharmacological' effects. More importantly, the Analogue Acts Definition as applied to *1,4-butanediol*, additionally fails the Second prong of the Supreme Court's 'void-for-vagueness; test by

encouraging arbitrary enforcement. (see Kolender, 461 U.S. at 357-358) "We have recognized recently that the more important aspect of the vagueness doctrine is ... the other principal element of the doctrine – the requirement that a Legislature establish minimal guidelines to Govern Law Enforcement.") This is best demonstrated by the Court's establishment that there exist ten naturally occurring substances that are related to *gamma hydroxybutyric acid* (GHB), several of which differ from GHB in the same manner as *1,4-butanediol* yet they are readily available as food ingredients and even as health food supplements. These foods and supplements which are "substantially similar to the chemical structure of a controlled substance" include *gamma aminobutyric acid* (GABA) commonly sold in health food stores and *succinic acid* (a common food additive) would qualify. Here, the Government's failure to prosecute such similar substances, particularly given its position on the proper pleading of the Analogue Statute, evinces the failure of Congress to "establish minimal guidelines to govern law enforcement." Smith v. Goguen, 415 U.S. 566, 574, 945 S.Ct. 1242, 39 L.Ed.2d 605 (1974).

The Petitioner concludes that the Analogue Statute provides neither adequate notice nor the requisite safeguards against arbitrary enforcement that are required by the Constitution as it relates to the application and of *1,4-butanediol* as a Controlled Substance or Analogue. The Petitioner contends that any prosecution of *1,4-butanediol*, as opposed to other substances with equal or greater similarity to GHB shows that Congress has "Impermissibly delegated basic policy matters to policeman, judges and juries for resolution on an ad hoc and subjective basis, and in danger of arbitrary and discriminatory application." Grayned v. City of Rockford, 408 U.S. 104, 108-9, 92 S.Ct. 2294, 33 L.Ed.2d. 222 (1972).

THEREFORE, for the above referenced reasons Petitioner shows the relationship back to the originally submitted Petition and to both the ineffectiveness of counsel and the actual innocence issues along with the fact that in broadening the statute the Executive Branch through the United States Attorneys actions effectively administered what is termed a "Constructive Amendment" to the Statute which is in all aspects as illegal action.

For all these reasons and in the interest of justice Petitioner requests leave to

supplement his previously submitted and still pending 28 U.S.C. §2255 petition as allowed by and through 28 U.S.C. §2242 and any other action this Honorable Court may deem pertinent and beneficial to him and his cause.

For this Petitioner forever prays this 6th day of November, 2017.

/s/ _Stephen Howard_
Stephen Howard
Petitioner, *Pro Se*

## VERIFICATION

I have read the foregoing 'MOTION FOR LEAVE TO SUPPLEMENT 28 U.S.C. §2255 MOTION PURSUANT TO 28 U.S.C. §2242' and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true and correct. Executed at Forrest City, Arkansas, on this 6th day of November, 2017.

s/ _Stephen Howard_
Stephen Howard
Petitioner, *Pro Se*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing was sent postage pre-paid Via U.S. Mail on this 6th day of November, 2017, to the following:

Mr. Jonathon S. Ross
Asst. United States Attorney
PO BOX 197
Montgomery, AL 36101-0197

Mr. Kevin P. Davidson
Asst. United States Attorney
PO BOX 197
Montgomery, AL 36101-0197

Mr. Verne H. Speirs
Asst. United States Attorney
PO BOX 197
Montgomery, AL 36101-0197

Debra P. Hackett - U.S. District Court Clerk
1 Church Street, Suite B-100
PO BOX 711
Montgomery, AL 36101-0711

s/ _Stephen Howard_
Stephen Howard
Petitioner, *Pro Se*

Stephen Howard
FCC Forrest City (Low)
P.O. Box 9000
Forrest City, AR - 72336-9000
United States





U.S. POSTAGE
PAID
FORREST CITY, AR
72335
NOV 20, 17
AMOUNT
$0.00
R2305E124716-88

1000    36101



⇔15668-002⇔
Debra P. Hackett
U.S. District Court Clerk
PO BOX 711
Montgomery, AL  - 36101 - 0711
United States

**LEGAL MAIL – ATTORNEY/CLIENT PRIVEDLEDGED**
**OPEN ONLY IN PRESENCE OF ADDRESSEE**

See Federal Bureau of Prisons Program Statement 5800.16
And Title 28 C.F.R. 540.19(b)